UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOFEI GLUKHIKH,<br><br>  Petitioner,<br><br>v.<br><br>ARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>  Respondent. | No. 1:26-cv-00283-DJC-EFB<br><br><br>ORDER |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Preliminary Injunction (Mot. (ECF No. 12)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").[1]  The Court informed the parties that the Court intended to rule directly on the Petition (*see* ECF No. 13) and neither party objected.

Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner entered the United States in December

---

[1] Petitioner originally appeared pro se and filed the Petition and along with a Motion for Temporary Restraining Order (ECF No. 2).  Given the limited information available at that time, the Court denied Petitioner's Motion for Temporary Restraining Order (*id.*) but ordered appointment of counsel for Petitioner.  Counsel has since appeared on Petitioner's behalf and filed the Motion for Preliminary Injunction presently before the Court. (Mot.)  Respondent largely rests on their prior opposition.  (*See* ECF Nos. 7, 14.)

1

2022 and was detained shortly after entry. (Mot. at 1–2.) Petitioner was released from custody on parole. (*Id.* at 2.) On June 20, 2025, Petitioner was arrested by ICE officers as he was exiting immigration Court. (*Id.*) Petitioner was not provided with a written notice explaining the basis for revocation of his release or an opportunity to be heard.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondent did not provide Petitioner with notice and an opportunity to be heard as required by both 8 C.F.R. § 212.5(e)(2)(i) and the Fifth Amendment Due Process Clause. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondent's interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondent notes that an Immigration Judge has granted Petitioner asylum, but that DHS has appealed that determination. (*See* ECF No. 14.) This determination does not play a role in the Court's analysis, though a grant of asylum would guarantee Petitioner additional protections.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondent is ORDERED to immediately release Timofei Glukhikh from their custody. Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which

include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

        The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 25, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3